(57 Misc. Rep. 64.)

### PEOPLE ex rel. LA CHICOTTE v. STEVENSON, Bridge Com'r.

(Supreme Court, Special Term, New York County.  December, 1907.)

MUNICIPAL CORPORATIONS—OFFICIALS—REMOVAL—RESTORATION — EFFECT OF ORDER.

By a peremptory mandamus the commissioner of bridges of the city of New York was ordered to restore a person to a position in the public service. The evidence showed that, though the relator had been nominally restored to the position, he had been assigned to none of the duties thereof, and that the duties he was required to perform were not appropriate to the office to which he had been restored. *Held* that, where the writ commanded relator to be restored to the position from which he was unlawfully discharged, it contemplated a restoration to duties similar to those performed by him at the time of his discharge, and respondent would be required to assign relator to the duties which attached to the position.

Application by the people, on the relation of Henry A. La Chicotte, to punish James W. Stevenson, commissioner of bridges, for contempt for disobedience to a writ of mandamus.  Motion denied.

J. Quintus Cohen and Francis G. Caffey, for relator.

Francis K. Pendleton, Corp. Counsel (William B. Crowell, of counsel), for respondent.

LEVENTRITT, J.  The relator was wrongfully discharged from his position as principal assistant engineer in the department of bridges in December, 1904.  By a peremptory writ of mandamus issued April 6, 1907, the respondent was commanded to "forthwith restore the said Henry A. La Chicotte to the position of principal assistant engineer in the department of bridges of the city of New York."  The relator now seeks to punish the respondent for contempt for failing to obey the writ.  He bases charges of disobedience upon statements to the effect that, although he has been nominally restored to the position, he has been assigned to none of the duties thereof; that the duties he is required to perform are not appropriate to the office of principal assistant engineer; and further, that he does not receive the proper salary.

The command of the peremptory writ was that the relator be restored to the position from which he had been wrongfully discharged. It contemplated a restoration to duties similar to those performed by him at the time of the discharge in so far as the affairs of the department would reasonably permit.  Although the relator states in detail what his duties have been since his return to the department, he fails to specify what his duties were at and prior to the time of his discharge.  He presents in his moving papers merely a statement of his opinion as to what a principal assistant engineer should do.  For aught

that appears to the contrary, his present duties are similar to those he formerly performed. Whether the duties assigned are appropriate cannot be determined, in the absence of facts upon which to predicate a logical conclusion. The relator complains that, though his salary at the time of discharge was $6,000 a year, he now receives only $4,500. It seems, however, that only $4,500 is appropriated for the position of principal assistant engineer. The respondent, who has no voice in fixing the salary, cannot be adjudged guilty of a contempt in failing to provide a larger one. The relator's remedy lies in other proceedings.

While there is in the papers submitted insufficient evidence of disobedience to justify an order such as the relator seeks, all the affidavits tend to the conclusion that the obedience of the respondent to the court's mandate was merely perfunctory; that, although the relator has been allowed to assume the title of his office, he enjoys the title only, without the standing or authority which the title implies; those in the department who should be his subordinates are suffered to act as his superiors; he is treated not as the incumbent of such an office should be, nor as it is reasonable to suppose the appointee of the commissioner would be, but rather as an intruder forced upon the department by the court. It is not within the province of the court to interfere with an administrative branch of the government, nor to dictate the methods by which the peculiar duties of any particular department thereof shall be discharged. The respondent is, and should be, free to direct the affairs of his department according to his own best judgment. But he must be required to obey in both letter and spirit the court's commands. The requirement that the relator be restored to the position from which he was discharged implies more than a permission to enjoy the title. That is but one of the incidents to the position; the others being the relator's standing and the duties which he is authorized to discharge in relation to others in the department. The title is descriptive of the duties and functions attaching to the office, and he has a right to have those duties and functions intrusted to him. The peremptory writ commands restoration to the position, and necessarily to all the incidents thereto and the rights connected therewith, to the end that the relator may be restored in fact, and not simply in form, to his previous standing in the department. He should have been assigned to the duties which attached to the position at the time of his discharge, or to duties substantially similar thereto. If the respondent has obeyed the spirit of this command in so far as reasonable consistency will permit he has obeyed the writ; otherwise, he should answer for his disobedience.

It is unnecessary to consider the effect of the absence of a venue in the relator's replying affidavits. Disregarding that omission and giving them the full virtue of affidavits, they do not supply the deficiency pointed out in the moving papers.

The motion will be denied, but with leave to the relator to renew upon additional proof.